# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-cv-00213 AWI GSA |
| Petitioner, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | |
| SONIA GOMEZ, | **FINDINGS AND RECOMMENDATIONS REGARDING PETITION TO ENFORCE IRS SUMMONS** |
| Respondent. | |
| | (Documents 1 & 4) |

Petitioners are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302(9) and 303. Pending before the Court is a petition to enforce a summons issued by the Internal Revenue Service (IRS) to Respondent.

The petition came on regularly for hearing on May 27, 2011, in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.  Glen F. Dorgan appeared on behalf of Petitioners, and Janice Polglase, specially appearing for Henry D. Nunez, appeared on behalf of Respondent Sonia Gomez, whom was also personally present.

1

The Court has reviewed the petition, all supporting papers, and all papers submitted by Respondent. The matter was submitted to the Court for preparation of findings and recommendations.

*Discharging Order to Show Cause*

Respondent having appeared pursuant to the order to show cause, it IS ORDERED that the order to show cause BE DISCHARGED.

*Petition to Enforce IRS Summons*

**A.  Background**

Agent Lorena Ramos is a duly commissioned revenue officer employed by the IRS, and she is authorized to issue the IRS summons pursuant to Title 26 of the United States Code section 7602; she did so in the course of conducting an investigation of the tax liabilities of Respondent for the tax years 2002 through 2005. (Doc. 1 at ¶¶ 3 & 5.) Ramos believes "Respondent is in possession and control of the testimony, books, records, papers, and other data that may shed light on" these matters. (Doc. 1 at ¶ 6, *see also* ¶ 14.) Ramos issued an IRS summons on January 6, 2010, directing Respondent to appear before her on February 10, 2010, to provide testimony and documents relating to the investigation. (Doc. 1 at ¶ 7.) She left an attested copy of the summons at Respondent's last and usual place of abode on January 12, 2010, at 3:30 p.m. (Doc. 1 at ¶ 8.) Respondent failed to appear. (Doc. 1 at ¶ 10.)

An order to show cause issued on March 1, 2011, and was served on Respondent on March 9, 2011; it directed Respondent to appear and to file a written response. Following a single continuance of the original hearing date, Respondent filed a Declaration on May 23, 2011. (Doc. 7.)

**B.  The Merits of the Petition**

At the hearing, Petitioners stated that although Respondent's Declaration indicates she has no responsive documents as requested in the summons, Petitioners require Respondent's testimony; thus, Petitioners requested enforcement of the summons. Respondent did not argue

2

otherwise or object.  The parties consulted with regard to dates upon which Respondent would appear at the IRS office in order to provide testimony.  In light of the foregoing, the Court considers the merits of the petition.

The IRS is authorized to examine papers or data which may be relevant or material in determining the correctness of a tax return, the liability of any person for any internal revenue tax, or collecting any such liability. 26 U.S.C. § 7602(a)(1).  It is also authorized to take such testimony as may be relevant or material.  26 U.S.C. § 7602(a)(3).  Moreover, it has the authority to issue summonses for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax, or collecting any such liability. 26 U.S.C. § 7602(a); *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999).

To defeat a motion to quash, or in order to enforce an IRS summons, the government has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Crystal v. United States*, 172 F.3d at 1143-44.  The government's burden is a slight one that may be satisfied by a declaration from the investigating agent that these requirements have been met.  *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990); *Liberty Financial Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985).  Once the prima facie case is made, a heavy burden falls upon the taxpayer to show an abuse of process (*Abrahams*, 905 F.2d at 1280; *Liberty Financial*, 778 F.2d at 1392), or the lack of institutional good faith (*Anaya v. United States*, 815 F.2d1373, 1377 (10th Cir. 1987)). *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).

The summons to Respondent Sonia Gomez summoned her to appear before Officer Ramos, to give testimony, and to bring with her information related to the collection of a tax liability.  More particularly, Respondent was to provide:

3

> All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limit to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:
> From <u>01/01/2009</u> To <u>CURRENT</u>
> Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

(Doc. 1 at 6 [Ex. 1].)

Ramos verified that Respondent did not appear on February 10, 2010, and she failed to provide testimony and documents as required by the summons. Respondent's failure to comply continues, and the information sought by the summons is not already in the possession of the IRS. (Doc. 1 at ¶¶ 10, 13, 15.) Further, all administrative steps required by the IRS had been undertaken, and no criminal referral to the Department of Justice was in effect with respect to Respondent's tax liability for the subject years. (Doc. 1 at ¶¶ 16-17.)

Petitioners have shown that Respondent has received the required notice. Petitioners have established that the summons was issued for a legitimate purpose and seeks information relevant to the purpose that is not already within the IRS's possession; further, it is demonstrated that all of the administrative steps required by the Internal Revenue Code have been satisfied. A prima facie case has been made. *United States v. Dynavac, Inc.*, 6 F.3d at 1414.

Respondent has not submitted any evidence of bad faith or improper purpose.

The Court finds that Respondent has not established any basis to deny enforcement of the IRS summons.

The Court concludes that enforcement of the summons should be ordered.

## FINDINGS AND RECOMMENDATIONS

Accordingly, it IS RECOMMENDED that:

1. Petitioners' petition to enforce the IRS summons BE GRANTED; and

4

2. Respondent Sonia Gomez BE ORDERED to appear before Revenue Officer Ramos on June 22, 2011, at 9:00 a.m., at the Internal Revenue Service office at 2525 Capitol Street, Suite 206, in Fresno, California, 93721, to provide testimony, and to bring with her and produce for examination any documents in obedience to the summons that issued on January 6, 2010.  Further, it is ALSO ORDERED that Respondent appear, if necessary, on June 24, 2011, at 2:00 p.m. at the Internal Revenue Service office at 2525 Capitol Street, Suite 206, in Fresno, California, 93721.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within three (3) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.[1]  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 27, 2011**                             /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The parties stipulated on the record during the proceedings held May 27, 2011, before the undersigned, that they were amenable to a three-day objection period in order to insure the agreed upon dates for Respondent's appearance pursuant to the summons could be accommodated.